ANTHONY F. TURNAGE, JR.,

          Plaintiff,

v.                                                               Case No. 22-cv-393-pp

EARNELL LUCAS, CAPTAIN CUNNINGHAM,
CAPTAIN EVANS, CO ZAWATZKE,
CO HONZIK, and MILWAUKEE COUNTY JAIL,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Anthony F. Turnage, Jr., who is confined at the Milwaukee County Jail, and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcearted when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 2, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $43.17. Dkt. No. 5. The court received that fee on May 27, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff is suing Milwaukee County Sheriff Earnell Lucas, Captain Cunningham, Captain Evans, Correctional Officer Zawatzke, Correctional Officer Honzik and the Milwaukee County Jail. Dkt. No. 1 at 1. He alleges that on January 2, 2022, he requested to be on "PC."[1] Id. at 3. The plaintiff states

---

[1] The plaintiff does not define PC. The court assumes that PC stands for "protective custody" and that the plaintiff means "administrative confinement," which is a "nonpunitive, segregated confinement of an inmate in his or her cell or other designated area to ensure personal safety and security within the jail." Wis. Admin. Code §DOC 350.25. Later in the complaint, the plaintiff alleges

3

that the next day, he wrote to "classification" to inform them to take him off PC, but that Zawatzke and Honzik refused to take him off. Id. The plaintiff allegedly submitted multiple requests and grievances to be removed from PC. Id. He states that "PC Reviews" are held every Wednesday and that "classification (Zawatzke and Honzik)" did not conduct his review for three weeks (January 5, 12 and 19, 2022). Id. He says he received a response from Zawatzke or Honzik to one of his grievances stating that he could request to be taken off PC at his next PC Review on January 12, 2022, but that he never received another PC Review. Id. The plaintiff alleges that the next day CO Mecemon (not a defendant) called classification for him to see why "they" were not coming to conduct a PC Review. For him Id. He says that Zawatzke stated that Cunningham said that "he can't get off PC until I let him off." Id. The plaintiff alleges that on January 13, 2022, he wrote another grievance to Cunningham and Sheriff Lucas, but that the issue still did not get resolved. Id.

The plaintiff alleges that he was held on PC without his consent for eighteen days "max security locked down (23 hours locked in his cell)." Id. He says that on January 6 and 7, 2022, he received an hour for recreation, but that on January 8 and 9 he didn't come out of his cell at all. Id. The plaintiff

---

that the defendants violated Wis. Admin. Code §DOC 350.25(3) ("An inmate's progress in administrative confinement shall be reviewed by a supervisor at least once every seven days. The supervisor shall determine when the inmate no longer presents a threat to the safety, security, and order of the jail and may be released to the general population. Each review shall be documented.") and §DOC 350.25(4) ("The reason an inmate is placed in administrative confinement and the length of time the inmate remains in administrative confinement shall be documented in the inmate's file.").

4

states that the extended period locked in a cell caused him anxiety and "PTSD." Id. The plaintiff states that he "checked off PC Pod in December 2021 because he was locked in a cell more than 30-48 hours 2-3 times out a week [sic]." Id. He states that keeping him "on PC without his consent, locking him in a cell without rec, and a[n] hour rec when he came out was very cruel and inhuman." Id. at 3-4.

The plaintiff states that he seeks "damages and pain & suffering from [the defendants] for the time spent on PC, locked in a cell uncountlist [sic] hours, for treating him inhuman, for interferring with his due process of his legal issues, and compensation for the mental issues he developed during the extended hours (unusual punishment) that was imposed on him." Id. at 4. The plaintiff states that the defendants violated his rights under the Eighth Amendment and the Wisconsin Department of Corrections Administrative Code §§350.25(3)(4), 350.27 and 350.33. Id.

C. Analysis

Before addressing the plaintiff's substantive claims, the court notes that the plaintiff cannot sue the Milwaukee County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a

5

Case 2:22-cv-00393-PP   Filed 11/02/22   Page 5 of 13   Document 9

federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp.2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Milwaukee County Jail does not have the capacity to be sued, the court will dismiss it as a defendant.

While complaint caption lists Captain Evans as a defendant, the plaintiff has not made any allegations about Evans. A defendant is liable under §1983 only if he was personally responsible for the alleged constitutional violation. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2011). The court will dismiss Evans because the complaint contains no allegations against him.

The plaintiff alleges that on January 2, 2022, he asked to be placed on PC and that the next day, he asked to be removed from PC. The plaintiff alleges that he remained on PC for eighteen days and that, during that time, he remained in his cell for twenty-three hours per day. He states that during his eighteen days on PC "max security," he was allowed one hour of out-of-cell recreation per day, but that on two of those days, he did not come out of his cell at all. The plaintiff states that Zawatzke and Honzik violated jail policy by not giving him his weekly PC Review after he requested to be removed from PC.

6

Case 2:22-cv-00393-PP   Filed 11/02/22   Page 6 of 13   Document 9

The plaintiff also states that an officer told him that Cunningham said that he (Cunningham) would decide when the plaintiff could be removed from PC and that the plaintiff wrote a grievance to Cunningham and Sheriff Lucas on January 13, 2022. While the plaintiff does not state what date he was removed from PC, if he was placed on it on January 2, 2022 and spent eighteen days on PC, he would have been removed on about January 20, 2022. The plaintiff claims that the defendants' actions violated his rights under the Eighth Amendment and the Wisconsin Administrative Code because he was locked in his cell for most of the eighteen days he was on PC.

The plaintiff may not proceed on a claim based on allegations that the defendants violated the Wisconsin Administrative Code by not giving him his weekly PC Review because a violation of jail policy is not a basis for a civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage Cty., Wis., 523 F.3d 776, 784 (7th Cir. 2008)).

The plaintiff challenges the conditions under which he was confined on PC. Because the plaintiff is a pretrial detainee, the court must assess his conditions-of-confinement claim under the Fourteenth Amendment. Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee's constitutional rights may be violated when jail officials react unreasonably to objectively serious living conditions that deprive the detainee of basic human needs. See Smith v. Dart, 803 F.3d 304, 309-10 (7th Cir. 2015) "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial

detainees in conditions that 'amount to punishment.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" Id. (quoting Bell, 441 U.S. at 538–39). To prevail on his claim that his conditions of pretrial confinement violate the Constitution, a detainee must prove that (1) the conditions in question are or were objectively serious; (2) the defendant acted purposefully, knowingly or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

The plaintiff challenges the condition of being confined in his cell for twenty-three hours per day for eighteen days with limited opportunities (once per day on most days) for out-of-cell recreation. He states that confinement to his cell took a toll on his mental health. These conditions, however, do not amount to a serious deprivation. "[L]ack of exercise can rise to a constitutional violation '[w]here movement is denied and muscles are allowed to atrophy[ ] [and] the health of the individual is threatened.'" Smith v. Dart, 803 F.3d 304, 313 (7th Cir. 2015) (quoting French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985); citing Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) ("Lack of exercise may rise to a constitutional violation in extreme and prolonged

8

situations where movement is denied to the point that the inmate's health is threatened."); Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir. 1997)). "[S]egregation is akin to solitary confinement and . . . such confinement, uninterrupted by opportunities for out-of-cell exercise 'could reasonably be described as cruel and, by reference to the current norms of American prisons, unusual.'" Delaney v. DeTella, 256 F.3d 679, 684 (7th Cir. 2001) (quoting Pearson v. Ramos, 237 F.3d 881, 884 (7th Cir. 2001)). The plaintiff was allegedly on PC for eighteen days and for most of those days, he could leave his cell for an hour a day. He has not alleged that he lacked the ability to move around or exercise in his cell. The plaintiff's allegations do not support a plausible claim for relief because the conditions in question were not objectively serious.

The plaintiff has not alleged a violation of his constitutional rights because, as described above, he asked to be placed on PC and he has not alleged that the conditions he endured while on PC were objectively serious. And any allegation violation of jail policy regarding his removal from PC is not a basis for a federal civil rights case.

Although the complaint fails to state a claim for relief, Seventh Circuit law requires the court to give the plaintiff a chance to amend the complaint before dismissing with prejudice and entering final judgment, unless "it is certain" that amendment would be futile. See, *e.g.*, Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); see also Perez v.

Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015). The court will give the plaintiff a chance to file an amended complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form and instructions. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint; he must repeat in the amended complaint any of the facts from the original complaint that are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Captain Evans and the Milwaukee County Jail.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **November 25, 2022**. If the court receives an amended complaint by the end of the day on November 25, 2022, the court will screen it as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$306.83** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 2nd day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**