UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY F. TURNAGE, JR.,

                Plaintiff,

v.                                          Case No. 22-cv-393-pp

EARNELL LUCAS, TERINA CUNNINGHAM,
CO ZAWATZKE and CO HONZIK,

                Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

      Plaintiff Anthony F. Turnage, Jr., who is representing himself, filed a complaint alleging that the defendants violated his constitutional rights when he was incarcerated at the Milwaukee County Jail. Dkt. No. 1. On November 2, 2022, the court screened the complaint under 28 U.S.C. §1915A and concluded that the complaint failed to state a claim. Dkt. No. 9 at 11. The court gave the plaintiff the opportunity to file an amended complaint, but ordered that he must do so in time for the court to receive the amended complaint by November 25, 2022. Id. The court warned the plaintiff that if the court did not receive an amended complaint by the deadline, the court would dismiss the case based on the failure of the original complaint to state a claim. Id. As of November 30, 2022, the court has not received an amended complaint.

      On March 29, 2022—the date the court received the original complaint—the plaintiff was incarcerated at the Milwaukee County Jail. The Wisconsin Department of Corrections web site, however, shows that on November 16,

1

2022, the plaintiff was transferred to Dodge Correctional Institution on a new judgment of conviction.[1] Because the plaintiff was transferred from the Milwaukee County Jail to Dodge two weeks *after* the court mailed the order to him at the jail, and because the screening order has not been returned to the court by the jail as undeliverable, the court has no indication that the plaintiff did not receive the order before he transferred. In the nineteen days since he was transferred to Dodge, the plaintiff has not notified the court of his change in address. The court has not heard from the plaintiff since May 2, 2022, when it received a letter from him dated April 22, 2022. Dkt. No. 7.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good

---

[1] See https://appsdoc.wi.gov (last visited Nov. 30, 2022). The publicly-available docket for the Milwaukee County Circuit Court shows that on November 11, 2022, the state court issued a judgment against the plaintiff in Case No. 2021CF000284. https://wcca.wicourts.gov.

cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**